IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD WILLIAMS,** | : | CIVIL NO. 3:CV-12-1364 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **JEROME WALSH,** | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Richard Williams ("petitioner" or "Williams"), a state inmate currently incarcerated at the State Correctional Institution at Dallas, Pennsylvania, initiated this action pursuant to 28 U.S.C. § 2254 on July 16, 2012, challenging his October 10, 1977 convictions for first and third degree murder in the Court of Common Pleas of Monroe County, Pennsylvania. (Doc. 1 at 1.)

Upon preliminary review of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, see R. GOVERNING § 2254 CASES R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond). Therefore, the parties

were notified that the petition appeared to be untimely and respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations and petitioner was afforded the opportunity to file a reply. (Doc. 7.) Respondents filed a response requesting that the petition be dismissed as untimely. (Doc. 12). Petitioner filed a traverse. (Doc. 14). For the reasons set forth below, the petition will be dismissed as untimely.

I. **Background**

In October 1977, following a jury trial, Williams was convicted of "First degree murder in the death of Carolyn Stine & ten to twenty years in the death of Albert Trimmer, for Third Degree Murder." (Doc. 1, at 1; Doc. 12, at 1.) On April 30, 1980, he was sentenced to life imprisonment for the first degree murder conviction and a term of imprisonment of ten to twenty years for the third degree murder conviction. (Id.; Doc. 2-2, at 5-6) On May 13, 1980, he filed a notice of appeal in the Pennsylvania Supreme Court. (Id. at 2.; Id. at 2.) On December 10, 1982, the Pennsylvania Supreme Court affirmed his judgment of sentence. (Id.)

On March 18, 1987, Williams filed a petition for a transcript of the jury selection proceedings in the Court of Common Pleas of Monroe County. (Doc. 2-3, at 2-7.) Therein, the state court specifically stated that "the instant application is not a Post Conviction Hearing Act (PCHA) petition" and, although he explicitly seeks relief from the sentence he refrains from stating the name of any ground which conceivably might justify such relief. In

2

brief, he wishes to conduct a fishing expedition into the transcribed notes of the *voir dire* proceedings in the hope that material may be found to support a future hypothetical PCHA petition. (Id. at 4.) On April 16, 1987, the court "denied [the petition for a transcript] without prejudice to file a second petition which states the specific grounds on which the Petitioner relies to support the issuing of [a] rule to show cause why a hearing should not be held on said petition." (Doc. 2-3, at 2-7.) Williams took no further action in state court.

The instant petition was filed on July 16, 2012. (Doc. 1.)

## II. Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001). For pre-AEDPA convictions, which included those cases in which a prisoner's conviction became final before April 24, 1996, a state prisoner had a year from April 24, 1996, the effective date of the AEDPA to seek federal habeas relief. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

In the instant case, the limitations period began running on this pre-AEDPA conviction at the beginning of the one-year grace period on April 24, 1996. See Burns, 134 F.3d at 161. Hence, the federal petition, which was filed on July 16, 2012, appears to be untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken. Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84-85 (3d Cir. 2013).

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Because there was no application for state post-conviction or other collateral relief with respect to Williams's judgment pending

4

within one year of the April 24, 1996, the statute of limitations was not statutorily tolled.

**B.     Equitable Tolling**

"The one-year period should be equitably tolled 'only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interest of justice.' " Schlueter v. Varner, 384 F.3d 69, 80 (3d Cir. 2004) (citing Jones v. Morton, 195 F.3d at 159.) Equitable tolling of the limitations period is to be used sparingly and only in extraordinary and rare circumstances. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005); Schlueter v. Varner, 384 F.3d at 80. It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). A prisoner "is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). The United States

Court of Appeals for the Third Circuit recently set forth the following guidelines to consider when conducting a diligence inquiry:

> The diligence requirement "does not demand a showing that the petitioner left no stone unturned." Ramos–Martinez v. United States, 638 F.3d 315, 324 (1st Cir. 2011). Rather, "[t]o determine if a petitioner has been [reasonably] diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011); see also Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence . . . require[s] reasonable diligence in the circumstances."). In other words, the diligence inquiry is fact-specific and depends on the circumstances faced by the particular petitioner; there are no bright line rules as to what conduct is insufficient to constitute reasonable diligence. If a petitioner "did what he reasonably thought was necessary to preserve his rights . . . based on information he received . . . , then he can hardly be faulted for not acting more 'diligently' than he did." Holmes v. Spencer, 685 F.3d 51, 65 (1st Cir. 2012).

Munchinski v. Wilson, 694 F.3d 308, 330-31 (3d Cir. 2012).

As concerns extraordinary circumstances, they have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005)

Williams "believes that a new one year limitation period began to run [on March 20, 2012], the date Martinez v. Ryan was decided pursuant to 2244(d)(1(D)." (Doc. 1, at 13.) Martinez held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at

6

trial." Martinez, 132 S.Ct. at 1315. Martinez qualified the Supreme Court's holding in Coleman v. Thompson, 501 U.S. 722 (1991) and recognized a "narrow exception" to what was settled law that post-conviction counsel's ineffectiveness was irrelevant to establishing cause for procedural default. Id. Williams argues that Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012), "announced an exception, to the cause and prejudice standard of, Coleman, for an applicant to show cause for a procedural default claim, if such default was the result of ineffective assistance of counsel, at trial, where that claim had to wait to be raised in an initial review proceeding." (Id.)

It is first noted that Williams never pursued post-conviction collateral relief so Martinez is inapplicable to his case. However, even if it was applicable, Martinez did not announce a new federal constitutional rule of law and says nothing about retroactivity. Id. at 1315 (expressly declining to decide constitutional questions). See also Adams v. Thaler, 679 F.3d 312, 2012 WL 1415094 at *10 n. 6 (5th Cir. Apr.25, 2012) (rejecting similar new rule contention: "Martinez does not provide a basis for authorization under § 2244(b)(2)(A), as the Court's decision was an 'equitable ruling' that did not establish 'a new rule of constitutional law.' ") (citing Martinez, 132 S.Ct. at 1319). Moreover, Martinez did not provide that post-conviction counsel's ineffectiveness could establish an exception to, or equitable tolling of, AEDPA's one-year statute of limitations for filing a federal habeas corpus petition. Martinez, 132 S.Ct. at 1315 (limiting decision to issue of whether there was cause for prisoner's procedural default on collateral review); See also Vogt v. Coleman, No.

7

08-530, 2012 WL 2930871, at *4 (W.D.Pa. July 18, 2012); Peeples v. Citta, Nos. 11–6238, 12–2203, 2012 WL 1344819, at *6 n. 10 (D.N.J. Apr.16, 2012) (holding Martinez does not provide a basis for equitable tolling); Stromberg v. Varano, No. 09–401, 2012 WL 2849266, at *5 n. 37 (E.D. Pa. July 11, 2012) (holding that Martinez exception does not alleviate petitioner's burden to overcome AEDPA statute of limitations). As such, Martinez provides no relief to petitioner.

Williams does not identify any other possible basis for equitable tolling. Other than filing his direct appeal, the only step petitioner took to challenge his state court conviction was the filing of a petition seeking the jury selection transcript on March 18, 1987. That petition was denied less than a month later. No further action was taken by Williams. He therefore fails to demonstrate that he has been pursuing his rights diligently to promptly preserving his rights in either state or federal court and does not identify any extraordinary circumstance that stood in his way and prevented timely filing. Consequently, he is unable to benefit from equitable tolling.

### III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

### IV. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under

28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 30, 2013